Gretchen R.H. Vose Attorney for North Lake County, Hospital Board of Trustees
QUESTION:
Does the receipt of interest from the investment of surplus ad valorem tax proceeds constitute a source of income other than from ad valorem taxes?
SUMMARY:
Given that special districts are required by s. 218.345, F.S., to invest surplus ad valorem funds and that the interest earned on such investment may only be used for the same purposes as the ad valorem taxes, it does not appear that the receipt of interest from the investment of surplus ad valorem receipts would be considered a source of income other than from ad valorem taxes.
Initially, I note that you wish to know if a special district with its sole source of income from ad valorem tax revenues and interest income from the investment of surplus ad valorem tax revenues would be considered a "taxing authority" for purposes of contributing to a community redevelopment trust fund pursuant to s. 163.387, F.S. Such a determination would necessarily involve comment upon the authority of a redevelopment agency to collect a portion of the special district's ad valorem receipts.[1]
Absent a request from the redevelopment agencies involved, this office must limit its response to an interpretation of state law pertinent to the hospital district.
Section 163.340(2), F.S., defines "taxing authority" to mean
 the state or any county, municipality, authority, special district as defined in s. 165.031(5), or other public body of the state, except a school district, library district, neighborhood improvement district created pursuant to the Safe Neighborhoods Act, metropolitan transportation authority, water management district created under s. 373.069, a special district which levies ad valorem taxes on taxable real property in more than one county, or a special district the sole available source of revenue of which is ad valorem taxes at the time an ordinance is adopted pursuant to s. 163.387. . . . (e.s.)
While this office may not comment upon whether the receipt of interest income from the investment of surplus ad valorem proceeds would make the hospital district a "taxing authority" under s.163.387, F.S., the following comments regarding the investment of surplus funds are provided.
Section 218.345(1), F.S., directs the governing body of each special district, by resolution, to "invest and reinvest any surplus public funds in its control or possession . . . ." Thus, there is a requirement that "surplus funds" held by a special district be invested. "Surplus funds" are defined for purposes of this section as "funds in any general or special account or fund of the district held or controlled by the governing body of the district, which funds in reasonable contemplation will not be needed for the purposes intended within a reasonable time from the date of such investment."[2]
You state that the hospital district became an independent special district on May 1, 1991. The hospital district clearly falls within the definition of "special district"[3] contained in s. 218.31(5), F.S. For purposes of Part III, Ch. 218, F.S., "special district" is defined as a
local unit of special-purpose, as opposed to general-purpose, government within a limited boundary, created by general law, special act, local ordinance, or by rule of the Governor and Cabinet. The special purpose or purposes of special districts are implemented by specialized functions and related prescribed powers. The term does not include a school district, a community college district, a special improvement district created pursuant to s. 285.17, a municipal service taxing or benefit unit as specified in s. 125.01, or a board which provides electrical service and which is a political subdivision of a municipality or is part of a municipality.[4]
Thus, the hospital district, as a special district, is under a statutory obligation to invest "surplus funds" of the district as prescribed in s. 218.345, F.S.
Generally, it has been stated that interest accumulating on taxes deposited in a bank prior to distribution follows the taxes.[5]
This office previously has concluded that interest earned on funds generated by a tax levy by a district school board must be applied for the purposes for which the tax was levied.[6]
Accordingly, the restrictions on the use of tax revenues carry over to any interest earned on such revenues and would not appear to alter the nature of the funds received.
Given the requirement that the hospital district invest its "surplus funds" as prescribed in s. 218.345, F.S., and the restriction on the use of the interest to the purpose for which the funds were collected, it would appear that interest income on invested surplus ad valorem proceeds would maintain its character as proceeds from ad valorem taxes.
[1] See, s. 163.387, F.S., mandating the establishment of a redevelopment trust fund for each community redevelopment agency created under s. 163.356, F.S., to be funded annually by each "taxing authority" within the district.
[2] See, s. 218.345(4), F.S.
[3] See, AGO 80-15, in which this office concluded that the North Broward Hospital District was a "special district" for purposes of Part III, Ch. 218, F.S.
[4] See, s. 189.403(1), F.S.
[5] See, 85 C.J.S. Taxation s. 1064. Cf., AGO 75-241 (boards of county commissioners are authorized by s. 125.31, F.S., to invest surplus public funds and, in the absence of any statutory directive as to how the interest on such investments is to be credited or deposited, the income from this investment should be credited to or deposited back to the fund from which the surplus funds were taken for investment); AGO 75-241A (the interest on public moneys collected by the circuit court clerk on behalf of the county [or any other state or local official or body] for subsequent distribution and invested prior to distribution must be credited to the county [or other distributee], along with the principal); 85 C.J.S., supra
(except insofar as the Legislature changes the rule, interest, penalties, and cost collected on delinquent taxes follow the tax and he apportionment thereof).
[6] See, AGO 88-1. See also, AGO's 77-26 (interest on investment of revenue bond proceeds may not be used to meet deficit in operating budget); 82-29 (interest earned on investments by clerk of court of clerk's funds retained as income of that office).